IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW LAUSELL<br>707 Wyncroft Terrace, Apartment 6<br>Lancaster, PA 17603<br>　　　　　　　Plaintiff<br>　v.<br><br>ARCONIC, INC dba ARCONIC<br>1480 Manheim Pike<br>Lancaster, PA 17601<br>　　　　　　　Defendant | Civil Action No. _____ |

## COMPLAINT

Plaintiff, Matthew Lausell, by and through his attorneys, The Derek Smith Law Group, PLLC, hereby bring this civil action pursuant to the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et. seq.*, and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §§ 951, *et. seq.*, and seek relief for discrimination, disparate treatment, and retaliation related to Plaintiff's employment with Defendant, Arconic, Inc., doing business as Arconic. Plaintiff alleges and avers in support thereof:

### Parties

1. Plaintiff, Matthew Lausell, is an adult African American male individual approximately thirty (30) years of age who currently resides at the above captioned address and at all times relevant was a Furnace Helper for Arconic, Inc.

2. Defendant, Arconic, Inc. doing business as Arconic ("Arconic") is an international aluminum corporation (formerly known as Alcoa), that is headquartered in Pittsburgh, Pennsylvania and thus operates under the laws of the Commonwealth of Pennsylvania, with a registered office in the Commonwealth and Lancaster, Pennsylvania, which

is in the jurisdiction of the Eastern District of Pennsylvania. At all times, Defendant Arconic employed Plaintiff.

3.      Defendant Arconic accepted, agreed, adopted, acquiesced, and/or otherwise was bound by the actions, omissions, and conduct of its owners, managers, supervisors, employees, and agents including Bill Crosby and Ashley Peene.

## Jurisdiction and Venue

4.      This Court has subject matter jurisdiction over this matter as it involves a Federal Question, 28 U.S.C. §1331, and the Court maintains supplemental jurisdiction, 28 U.S.C. §1367, over the Pennsylvania State Law causes of action.

5.      Venue is appropriate before this Court as all parties reside in the Eastern District of Pennsylvania and all actions and omissions giving rise to this litigation occurred in the Eastern District of Pennsylvania (i.e. Berks, Bucks, Chester, Delaware, Lancaster, Lehigh, Montgomery, Northampton, and Philadelphia).

6.      Furthermore, Plaintiff has exhausted administrative remedies by having filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission and the Pennsylvania Human Relations Commission, and Plaintiff having received a Notice of Right to Sue.

## Summary of Facts

7.      Plaintiff, Matthew Lausell, is an adult African American and black skin color individual that was briefly employed by Defendant Arconic from October of 2020 to December 16, 2020, earning around $23.00 an hour, and working 40 hours a week plus overtime.

8.      Plaintiff is in the minority as an African American and black skin employee working for Defendant at its Lancaster, Pennsylvania facility.

9. Plaintiff alleges and avers that he was discriminated against, retaliated against, and wrongfully terminated due to his race and skin color.

10. Plaintiff alleges and avers, on information and belief, Defendant has had prior claims of race and color discrimination from workers at the Lancaster, Pennsylvania facility.

11. Plaintiff's supervisors were all Caucasian and white.

12. As a new employee, Defendant had to go through an Introductory Period where his employment was to be given added scrutiny, but no different than that of new Caucasian employees.

13. Plaintiff began employment and thus entered the Introductory Period at the same time as several Caucasian employees, including one named Dillon O'Dell.

14. Early on Plaintiff recognized that Defendant treated him differently in comparison to/with other similarly situated non-African American non-black employees, including Mr. O'Dell, with respect to possibly pay, discipline, shift assignment, and/or other matters involving dress, speech, and other matters.

15. As an example, Plaintiff's supervisor Bill Crosby frequently told Plaintiff to keep up his mask covering his face (or "up") when the rules did not require Plaintiff to have his mask cover his face when Plaintiff was also wearing a face shield. Mr. Crosby did not make the same request of workers outside Plaintiff's protected classes. At one point, in front of a group of other supervisors, Mr. Crosby said for Plaintiff to have his mask up and Plaintiff said he was okay because of the face shield, and one of the supervisors took Plaintiff's side, saying Plaintiff was correct. Mr. Crosby made a look back at Plaintiff when he and the supervisors left the area.

16. Plaintiff was also the victim of a hostile rant from an older Caucasian forklift operator believed to be named Tim (Last Name Unknown), who/whom chased and cussed-out

Plaintiff and made such a scene that co-workers and peers in the area told Plaintiff to not take it and to stand-up for himself or Plaintiff would become more susceptible to that kind of treatment.

17. Plaintiff made a verbal complaint about the incident through the chain of command and to his "Leadman" Brian Scott (Caucasian).

18. Plaintiff felt the rant occurred because of Plaintiff's race and color.

19. In complaining to Mr. Scott, Plaintiff rhetorically asked, said, and/or suggested to Mr. Scott that he was not sure what would cause Tim (LNU) to take offense and act that way.

20. Mr. Scott told Plaintiff to not escalate the complaint to Human Resources, and later that day Tim (LNU) made an insincere and forced apology to Plaintiff.

21. Thereafter, Plaintiff would notice Mr. Scott ducking and avoiding Plaintiff.

22. Plaintiff then had a meeting with supervisor Mr. Crosby (Caucasian male), and Mr. Crosby told Plaintiff everything was good with Plaintiff's work performance, but that Plaintiff had a no-call no-show.

23. Plaintiff disputed that he had a no-call no-show and asked that Mr. Crosby research the matter, which Mr. Crosby seemed agreeable and prepared to do.

24. Plaintiff disputes a no-call no-show as Plaintiff recalls having made a timely notice regarding his absence through Defendant's Morning Star system.

25. Later that same day, however, Defendant informed Plaintiff he was being terminated, on account of Plaintiff being "unreliable."

26. Human Resources Ashley Peene (Caucasian female) and Bill Crosby (Caucasian male) informed Plaintiff of the termination.

27. On information and belief, Defendant replaced Plaintiff with a Caucasian individual.

28. In contrast/comparison Dillon O'Dell a Caucasian individual also had absences/lateness during the Introductory Period was not disciplined or terminated.

29. Plaintiff disputes that he committed any violations of company policy and/or lateness/absences to support termination.

30. Defendant Arconic targeted and marked Plaintiff for termination because of his color/race and/or because of his protected activities (complaints).

31. Plaintiff also sent an email/message after his termination, about being treated differently and discriminatorily.

## COUNT ONE
### Disparate Treatment, Race and Color
*Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et. seq.*
**Plaintiff v. Arconic, Inc.**

32. Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

33. Defendant Arconic, Inc. discriminated and disparately treated Plaintiff, by and through its officers, managers, and supervisors, as follows:

    a. terminating Plaintiff;

    b. disparate discipline;

    c. disparately strict scrutiny during Introductory period;

    d. unequal treatment during the Introductory period;

    e. refusing to investigate issues regarding Morning Star;

    f. denying Plaintiff a full introductory period;

    g. disparate pay; and,

    h. other treatment that was wrongful and disparate on the basis of race/color.

34. Defendant treated persons outside Plaintiff's protected class more favorably with regard to the foregoing.

35. As a direct and proximate result of Defendant's discrimination, Plaintiff has suffered loss of wages including loss of back pay, loss of front pay, loss of amenities of employment, out of pocket expenses, emotional damages, pain and suffering, alienation, loss of confidence, loss of reputation, and other similar damages and harms, all to Plaintiff's great detriment.

36. Defendant's actions were willful and wanton and thus require the imposition of Punitive Damages.

37. Plaintiff seeks equitable remedies against Defendant.

38. Alternatively, as Defendant considered Plaintiff's race and color in the foregoing discrimination, Plaintiff is entitled to a charge for mixed-motive discrimination, which entitles Plaintiff to an award of Attorney's fees.

WHEREFORE, Plaintiff, Matthew Lausell, hereby demands judgment in his favor and against Defendant, Arconic, Inc., for any and all damages deemed necessary and just by the Court.

## COUNT TWO
### Retaliation
*Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et. seq.*
<u>Plaintiff v. Arconic, Inc.</u>

39. Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

40. Defendant Arconic, Inc. retaliated against Plaintiff for having made a formal complaint of discrimination.

41. The temporal proximity between Plaintiff's complaint and termination raises an unusually suggestive inference that the termination was retaliation, such that no further evidence of retaliation is necessary.

42. The temporal proximity between Plaintiff's complaint and disparate treatment raises an unusually suggestive inference that the disparate treatment was retaliation, such that no further evidence of retaliation is necessary.

43. Alternatively, Plaintiff has evidence that raises an inference that his disparate treatment and/or termination was/were a retaliation for having made the foregoing complaint.

44. As a direct and proximate result of Defendant's retaliation, Plaintiff has suffered loss of wages including loss of back pay, loss of front pay, loss of amenities of employment, out of pocket expenses, emotional damages, pain and suffering, alienation, loss of confidence, loss of reputation, and other similar damages and harms, all to Plaintiff's great detriment.

45. Defendant's actions were willful and wanton and thus require the imposition of Punitive Damages.

46. Plaintiff seeks equitable remedies against Defendant.

47. Alternatively, as Defendant considered Plaintiff's protected activity in deciding to disparately treat and/or terminate Plaintiff, Plaintiff is entitled to a charge for mixed-motive discrimination/retaliation, which entitles Plaintiff to an award of Attorney's fees.

WHEREFORE, Plaintiff, Matthew Lausell, hereby demands judgment in his favor and against Defendant, Arconic, Inc., for any and all damages deemed necessary and just by the Court.

**COUNT THREE**
**Discrimination, Disparate Treatment, and Retaliation**
*Pennsylvania Human Relations Act, 43 P.S. § 951, et. seq.*
**Plaintiff v. Arconic, Inc.**

48. Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

49. Defendant Arconic, Inc. is an employer under the Pennsylvania Human Relations Act as it employs citizens of the Commonwealth of Pennsylvania, and also because Defendant Arconic, Inc. resides in the Commonwealth.

50. Plaintiff is protected under the Pennsylvania Human Relations Act and has the protected class of being African American (race) and color (black)

51. Defendant subjected Plaintiff to disparate treatment and retaliated against Plaintiff, and otherwise discriminated against Plaintiff, all on the basis of his race and color as alleged *supra*.

52. As a direct and proximate result of Defendant's discrimination and retaliation as alleged *supra*, Plaintiff has suffered loss of wages including loss of back pay, loss of front pay, loss of amenities of employment, out of pocket expenses, emotional damages, pain and suffering, alienation, loss of confidence, loss of reputation, and other similar damages and harms, all to Plaintiff's great detriment.

53. Plaintiff seeks equitable remedies against Defendant.

54. Plaintiff seeks attorney's fees under the Pennsylvania Human Relations Act.

WHEREFORE, Plaintiff, Matthew Lausell, hereby demands judgment in his favor and against Defendant, Arconic, Inc., for any and all damages deemed necessary and just by the Court.

DEREK SMITH LAW GROUP, PLLC

_____
CHRISTOPHER J. DELGAIZO, ESQUIRE
Attorney for Plaintiff

1835 Market Street, Suite 2950
Philadelphia, PA 19103
T: 215-391-4790
Email: Chris@dereksmithlaw.com

Date: August 5, 2022

9